FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON C.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | NO: 1:18-CV-03052-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 15. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney D. James Tree. The defendant is represented by Special Assistant United States Attorney Sarah L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15.

**JURISDICTION**

ORDER ~ 1

Plaintiff Aaron C. protectively filed for supplemental security income on September 11, 2014, alleging an onset date of June 30, 2014. Tr. 192-97. Benefits were denied initially (Tr. 101-09) and upon reconsideration (Tr. 113-19). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Gordon W. Griggs on January 17, 2017. Tr. 45-75. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ denied benefits (Tr. 13-31) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 21 years old at the time of the hearing. Tr. 62. He testified that he "went on to 8th grade, but [was] not sure if [he] finished the 7th grade." Tr. 62. His grandmother testified that he made it to 10th grade. Tr. 52. Plaintiff lives in his grandmother's shed during the summer and spring months. Tr. 55, 70. He has limited work history sorting fruit and working in a warehouse; but the ALJ determined that Plaintiff has no past relevant work. Tr. 25, 63-65. Plaintiff testified that he only worked in each job for a week before he "stopped going," and his mother had to wake him up for work every day. Tr. 64-66. Plaintiff reported that his mother and sister filled out his job application forms, and his mother fills out his medical paperwork, because he doesn't "understand a lot of some words."

ORDER ~ 2

Tr. 67-68. He testified that he could not work anywhere other than his own house. Tr. 70. Plaintiff's grandmother testified that he doesn't go anywhere because "he's kind of got this agoraphobic stuff," is not capable of keeping a schedule without help, is not capable of taking public transportation, and does not understand the consequences of his behavior. Tr. 55-58.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER ~ 3

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

ORDER ~ 4

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in

ORDER ~ 5

the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 11, 2014, the application date. Tr. 18. At step two, the

ORDER ~ 6

ALJ found Plaintiff has the following severe impairments: borderline intellectual functioning, anxiety disorder, NOS, dysthymic disorder, polysubstance abuse, and alcohol abuse. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant is limited to tasks that can be learned in 30 days or less involving no more than simple work related decisions and few workplace adjustments. The claimant is limited to no more than occasional and superficial public interaction. The claimant can interact with coworkers on a causal or superficial basis. However, the claimant would not work well as a member of a highly interactive or independent work group, such as a team type of setting.

Tr. 22. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 25. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: icer, agricultural sorter, and industrial cleaner. Tr. 26. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 11, 2014, the date the application was filed. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for this Court's review:

ORDER ~ 7

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ improperly discredited Plaintiff's symptom claims;

3. Whether the ALJ erred at step three; and

4. Whether the ALJ properly weighed the lay witness testimony.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

ORDER ~ 8

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the opinion of examining psychologist Thomas Genthe, Ph.D. ECF No. 12 at 13-15. In January 2015, Plaintiff was referred to Dr. Genthe "for only an intellectual assessment." Tr. 321. Dr. Genthe examined Plaintiff and completed a psychological evaluation. Tr. 321-27. Dr. Genthe opined that Plaintiff had marked limitations in his ability to (1) understand, remember, and persist in tasks by following detailed instructions; (2) learn new tasks; and (3) adapt to changes in a routine work setting. Tr. 322. Dr. Genthe also assessed Plaintiff's abilities in the following categories as "poor": ability to remember short, simple instructions and detailed instructions; ability work with or near others, over a short or long period of time, without being distracted by them; ability to keep track of time an finish work on time; ability to respond appropriately to changes in the work setting; ability to sustain an ordinary routine without supervision; and ability to multi-task. Tr. 323.

The ALJ accorded "less weight" to Dr. Genthe's opinion for two reasons: (1) it was inconsistent with the objective medical records as a whole, specifically, mental status examinations of Plaintiff that "demonstrated [Plaintiff] was not as limited as Dr. Genthe opined"; and (2) it was "inconsistent with his own mental status examination." Tr. 24. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion. *See Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007). *Batson v. Comm'r Soc. Sec. Admin.,*

ORDER ~ 9

359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings). Moreover, the ALJ may properly reject a medical opinion if it is inconsistent with the provider's own treatment notes. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Plaintiff argues the ALJ (1) did not provide the requisite explanation as to how the mental status examinations, including the mental status examination performed by Dr. Genthe, "are purportedly in conflict with Dr. Genthe's opinion"; and (2) "wholly disregarded the WAIS-IV results upon which that opinion is based." ECF No. 12 at 14. The Court agrees.

Here, in support of his finding, the ALJ generally cites four mental status examinations of Plaintiff from the relevant adjudicatory period, including Dr. Genthe's examination in January 2015. Tr. 24 (citing Tr. 276, 298-99, 324-25, 331). As noted by Defendant, these exams largely found that Plaintiff had normal thought process and content, normal attention and concentration, normal memory, and normal abstract thinking. ECF No. 15 at 12-13. However, as noted by Plaintiff, one of the mental status examinations noted Plaintiff had decreased eye contact, anxious and depressed mood with constricted affect, fair judgment, partial insight, poor abstract ability, and fair attention and concentration. Tr. 331. Moreover, and most notably, Plaintiff was referred to Dr. Genthe specifically for an intellectual assessment, but the ALJ entirely failed to consider the objective cognitive testing performed by Dr. Genthe as part of his evaluation. ECF No. 12 at 14-15. Based on those cognitive tests, Dr. Genthe assessed Plaintiff's "general

ORDER ~ 10

cognitive ability" in the "borderline range of intellectual functioning"; his "overall thinking and reasoning abilities exceed those of only approximately 4% of individuals his age"; his verbal and nonverbal reasoning abilities are in the extremely low range; his ability to sustain attention, concentration, and exert mental control is in the average range; and his ability in processing simple or routine visual material without making errors is in the low average range. Tr. 325-27.

Defendant argues that Plaintiff's argument "merely invites this Court to ignore the substantial evidence that was inconsistent with Dr. Genthe's opinion – including Dr. Genthe's own findings – in favor of an interpretation of the record that [Plaintiff] would find more beneficial."[1] ECF No. 15 at 14; *Burch v.*

---

[1] Defendant also argues that Plaintiff "fails to acknowledge the apparent inconsistencies between the limitations that Dr. Genthe assessed and his conclusions based on the WAIS-IV results." ECF No. 15 at 14. However, the ALJ only rejects Dr. Genthe's opinion as inconsistent with the *mental status* examinations, and does not address the WAIS-IV test results. Tr. 24. Thus, the Court is not permitted to consider this reasoning as it was not offered by the ALJ in the decision. *See Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER ~ 11

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). However, it is well-settled in the Ninth Circuit that the ALJ "must explain why significant and probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The Court finds the ALJ erred by failing to consider Dr. Genthe's objective cognitive testing, because it was significant and probative evidence conducted for the express purposes of assessing Plaintiff's claimed intellectual impairments. Moreover, when explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. Here, the ALJ fails to summarize and interpret Dr. Genthe's cognitive testing as part of his analysis; thus, the ALJ's rejection of Dr. Genthe's opinion as inconsistent with his mental status examination results does not account for the full extent of Dr. Genthe's clinical findings, and is not supported by substantial evidence.

Based on the foregoing, this was not a specific and legitimate reason for the ALJ to reject Dr. Genthe's opinion, and it must be reconsidered on remand.

**B. Additional Assignments of Error**

ORDER ~ 12

Plaintiff also challenges the ALJ's rejection of Plaintiff's symptom claims, his rejection of the lay witness testimony of Plaintiff's mother and grandmother, and the ALJ's conclusion at step three that Plaintiff does not meet the severity of Listing 12.05B. ECF No. 12 at 2-13, 16-20. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical opinion evidence, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the

ORDER ~ 13

evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating these opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should also reconsider the step three findings, credibility analysis, and lay witness testimony. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

ORDER ~ 14

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** May 20, 2019.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER ~ 15